## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF KENTUCKY
## PIKEVILLE DIVISION

IN RE:

**FORTRESS RESOURCES, LLC,**                                            **CASE NO. 15-70730-tnw**

**DEBTOR**

**JEFF HARVEY, on behalf of himself and all**                          **PLAINTIFF**
**others similarly situated,**

**v.**                                              **ADV. CASE NO. _____**

**FORTRESS RESOURCES, LLC, d/b/a**                          **DEFENDANT**
**MCCOY ELKHORN COAL COMPANY,**

### CLASS ACTION ADVERSARY PROCEEDING COMPLAINT FOR VIOLATION OF WARN ACT 29 U.S.C. § 2101, *et seq.*

Plaintiff Jeff Harvey ("Plaintiff") alleges on behalf of himself and a class of similarly situated former employees of Fortress Resources, LLC ("Fortress", "Debtor" or "Defendant") as follows:

### NATURE OF THE ACTION

1.      This is a class action for the recovery by Plaintiff Jeff Harvey and the other similarly situated employees of the Debtor for damages in the amount of 60 days' pay and ERISA benefits by reason of Debtor's violation of the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.*

2.      The Plaintiff was terminated as part of, or as the foreseeable result of, a mass layoff or plant shutdown ordered by the Debtor.  It began when Debtor laid them off on or around October 6, 2015.  Although Debtor initially told them their layoff was temporary, Debtor informed them in early November 2015 that it was permanent.  As such, the Debtor violated the WARN Act by

failing to give the Plaintiff and other similarly situated employees of the Debtor at least 60 days'

advance notice of termination, as required by the WARN Act.  As a consequence, the Plaintiff and

other similarly situated employees of the Debtor are entitled under the WARN Act to recover from

the Debtor 60 days' wages and ERISA benefits, none of which have been paid.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1334,

and 29 U.S.C. § 2104(a)(5).

4.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

5.      Venue is proper in this District pursuant to 28 U.S.C § 1409 and 29 U.S.C. §

2104(a)(5).

### THE PARTIES

#### *Plaintiff*

6.      Plaintiff Jeff Harvey worked as a Scale House/Mobile Equipment Operator for

Fortress.  He worked at Defendant's Bevins Branch coal preparation plant at 2069 Highway 194

East, Kimper, Kentucky (the "Preparation Plant") until his termination.

#### *Defendant*

7.      Upon information and belief, Defendant Fortress Resources, LLC ("Fortress") is a

Delaware limited liability company with a principal place of business located at 484 Tollage Creek,

Pikeville, Kentucky.

8.      Upon information and belief at all relevant times, Defendant owned, maintained

and operated its business that included more than 100 of its employees at its Preparation Plant, and

at its contiguous low-sulfur mines (Mines #15 and 15(A) located at 2560 and 2564  State Highway

194 East, Kimper, Kentucky respectively).  It also employed more than 100 employees at its nearby

2

high-sulfur mine (Mine #23, located at 222 Kelsey Friend Drive, Pikeville, Kentucky), whose coal

the Preparation Plant also processed (collectively, these Kimper and Pikeville locations hereinafter

are referred to as the "Covered Sites") and other facilities, as that term is defined by the WARN

Act (collectively the "Facilities").

9.      On November 5, 2015, Debtor filed a voluntary petition for relief under Chapter

11 of Title 11 of the United States Bankruptcy Code.

10.      Until his termination by Defendant, Plaintiff and the other similarly situated

persons associated with the Covered Sites were employees of Defendant who worked at, received

assignments from, or reported to one of Defendant's Facilities.

## FEDERAL WARN ACT CLASS ALLEGATIONS

11.      Plaintiff brings this Claim for Relief for violation of 29 U.S.C. § 2101 *et seq*., on

behalf of himself and on behalf of all other similarly situated former employees, pursuant to 29

U.S.C. § 2104(a)(5) and Fed. R. Civ P. 23(a), who worked at, received assignments from, or

reported to Defendant's Facilities and were terminated without cause within 30 days of November

1, 2015, or were terminated without cause as the reasonably foreseeable consequence of the mass

layoffs and/or plant closings ordered by Defendant within 30 days of November 1, 2015, and who

are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

12.      The persons in the WARN Class identified above ("WARN Class Members") are

so numerous that joinder of all members is impracticable.  Although the precise number of such

persons is unknown, the facts on which the calculation of that number can be based are presently

within the sole control of Defendant.

13.      Upon information and belief, Defendant employed more than 200 full-time

employees who worked at or reported to, and were laid off from the Covered Sites.

14.     Upon information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records of Defendant.

15.     Upon information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

16.     Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

(a)     whether the members of the WARN Class were employees of the Defendant who worked at or reported to Defendant's Facilities;

(b)     whether Defendant unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

(c)     whether Defendant unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act.

17.     The Plaintiff's claims are typical of those of the WARN Class.  The Plaintiff, like other WARN Class members, worked at or reported to Defendant's Facilities and was terminated within 30 days of November 1, 2015, due to the mass layoffs and/or plant closings ordered by Defendant.

18.     The Plaintiff will fairly and adequately protect the interests of the WARN Class. The Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

19.    On or about October 7, 2015, Plaintiff was informed by Defendant that he was being temporarily laid off and could expect to return to work in 30 days. Approximately thirty days later, Defendant permanently terminated Plaintiff's employment as part of a mass layoff or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which he was entitled to receive 60 days advance written notice under the WARN Act.

20.    Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

21.    Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

22.    The Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

23.    The relief sought in this proceeding is equitable in nature.

## CLAIM FOR RELIEF

### Violation of the Federal WARN Act

5

24.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

25.     At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

26.     At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a)(3), and continued to operate as a business until they decided to order mass layoffs or plant closings at the Facilities.

27.     Beginning on or about October 6, 2015, Defendant ordered mass layoffs and/or plant closings at the Facilities, as those terms are defined by 29 U.S.C. § 210l(a)(2) and 20 C.F.R. § 639.3(i)

28.     The mass layoffs or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees as well as thirty-three percent (33%) of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

29.     The Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendant at the Facilities.

30.     The Plaintiff and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 2101(a)(5).

31.     Defendant was required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

32.     Defendant failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

33.     The Plaintiff and each of the Class Members, are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104(a)(7).

34.     Defendant failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued vacation and personal time off for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, individually and on behalf of all other similarly situated persons, pray for the following relief as against Defendant:

A.     Certification of this action as a class action;

B.     Designation of the Plaintiff as Class Representative;

C.     Appointment of the undersigned attorneys as Class Counsel;

D.     An administrative expense claim against Defendant pursuant to 11 U.S.C. § 503(b)(1)(A) in favor of Plaintiff and the other similarly situated former employees equal to the sum of: (i) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the federal WARN Act, 29 U.S.C. §2104(a)(1)(A), or in the alternative an allowed wage priority claim for up to $12,475 of the WARN Act claim of Plaintiff and each of the other similarly situated former employees under 11

U.S.C. § 507(a)(4) and (5), and the remainder as a general unsecured claim that, together with the

wage priority portion, is equal to those sums;

      E.      Reasonable  attorneys' fees and the costs and disbursements that the Plaintiff will

incur in prosecuting this action, as authorized by the WARN Act; and

      F.      Such other and further relief as this Court may deem just and proper.


Dated: January 11, 2016

                Respectfully submitted,


                /s/ Anthony Raluy
                Anthony Raluy
                **RENDIGS, FRY, KIELY & DENNIS, LLP**
                500 West Jefferson Street, Suite 1515
                Louisville, Kentucky 40202
                Telephone:    (502) 814-1121
                Facsimile:    (513) 381 9206
                E-mail:       traluy@rendigs.com

                Jack A. Raisner
                René S. Roupinian
                **OUTTEN & GOLDEN LLP**
                3 Park Avenue, 29th Floor
                New York, New York 10016
                Telephone:    (212) 245-1000
                Facsimile:    (646) 509-2060
                E-mail:       jar@outtengolden.com
                            rsr@outtengolden.com

                *Attorneys for the Plaintiff and the putative class*

8